UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| GRINER ENGINEERING, INC., | ) | |
|     *Plaintiff*, | ) | |
| | ) | |
|     *vs.* | ) | 1:12-cv-01423-JMS-TAB |
| | ) | |
| KEY SAFETY SYSTEMS, INC., | ) | |
|     *Defendant*. | ) | |

## ORDER

Presently pending before the Court in this contract dispute case is Defendant Key Safety Systems, Inc.'s ("Key") Motion to Dismiss for Improper Venue. [Dkt. 24.] Key asks the Court to dismiss this matter under Fed. R. Civ. P. 12(b)(3) for improper venue based upon a forum-selection clause in a contract entered into between Key and Plaintiff Griner Engineering, Inc. ("Griner").

### I.
#### BACKGROUND

Griner is a "maker of precision, high-volume machined components, primarily for manufacturers of automotive parts and diesel engines." [Dkt. 8 at 3, ¶ 13.] In January 2004, Griner entered into an agreement with Alliance-BRG, Ltd. ("Alliance") whereby Alliance would act as a business broker to facilitate the sale of Griner's assets to an interested buyer. [*Id.* at 3, ¶ 14.] Griner and Alliance entered into a confidentiality agreement which gave Alliance access to Griner's proprietary and confidential business information, but required Alliance to keep that information confidential. [*Id.* at 3, ¶ 15.]

In December 2004, Alliance began communicating with Greystone, Inc. ("Greystone") as a potential buyer for Griner. [*Id.* at 4, ¶ 20.] During these communications, Greystone gained

access to Griner's confidential information, including sales revenues, customer lists, and information regarding Griner's manufacturing process. [*Id.* at 4, ¶¶ 21-22.]

At that time, Key was one of Griner's customers. [*Id.* at 5, ¶ 24.] Key manufactures and sells airbag assemblies for use in the automotive industry. [*Id.*] Key and Griner contracted pursuant to blanket purchase orders ("Purchase Orders") for Griner to sell to Key certain airbag component parts at a fixed price until December 31, 2015. [*Id.* at 5, ¶¶ 25-26.] The Purchase Orders stated:

> THIS PURCHASE ORDER INCORPORATES BY REFERENCE THE KEY SAFETY SYSTEMS, INC. STANDARD…TERMS AND CONDITIONS LOCATED AT WWW.KEYSAFETYINC.COM\SUPPLIER_INFO\TERMS_ CONDITIONS OR BY CONTACTING THE BUYER AT 586-726-3800. IN THE EVENT OF INCONSISTENCY, THE TERMS AND CONDITIONS CONTAINED IN THIS PURCHASE ORDER SHALL HAVE PRIORITY OVER THE STANDARD TERMS AND CONDITIONS.

[Dkt. 9-1 at 2; *see also* dkts. 9-2 at 2; 9-3 at 2.]

The Standard Purchase Order Terms and Conditions – at one time located at the web address provided in the Purchase Orders, but no longer accessible at that address – stated:

> GOVERNMENT COMPLIANCE AND APPLICABLE LAW – …This Purchase Order shall be construed in accordance with and be governed by the law of Buyer's principal place of business, and any dispute resolution arising from the Purchase Order shall be brought only in that jurisdiction, without regard to any provisions of such jurisdiction's conflicts of laws rules to the contrary.

[Dkt. 24-3 at 5.][1]  Griner alleges, and Key agrees, that Key's principal place of business is in Michigan. [*See* dkt. 8 at 2, ¶ 4.]

Griner alleges that in January 2012, Key stopped purchasing certain components covered by the Purchase Orders from Griner and began purchasing them from other suppliers including

---

[1] In deciding a Motion to Dismiss under Fed. R. Civ. P. 12(b)(3), the Court may consider material submitted by the parties that is outside of the pleadings. *Strategic Mgmt. Harmony, LLC v. Enhanced Bus. Reporting Consortium, Inc.*, 2007 U.S. Dist. LEXIS 59014, *29 (S.D. Ind. 2007).

Greystone. [*Id.* at 5, ¶¶ 30-31.] Griner alleges that this constitutes a breach of the Purchase Orders by Key. [*Id.* at 5-6, ¶ 32.] Griner also alleges that Greystone used Griner's confidential information, obtained from Alliance during discussions about the potential purchase of Griner, to acquire Key's business and told Key that Griner had filed, or would be filing, for bankruptcy. [*Id.* at 6, ¶¶ 33-34.]

On October 2, 2012, Griner sued Alliance, Greystone, and Key in federal court in the Eastern District of Michigan related to Key's termination of the Purchase Orders, Alliance's alleged breach of the confidentiality agreement it entered into with Griner, and Greystone's alleged actions in discussing Griner's financial condition with Griner's customers. [Dkt. 24-5.] Griner voluntarily dismissed that lawsuit the following day, [dkt. 24-6], and filed the Complaint here – which is nearly identical to the complaint filed in the Michigan lawsuit – that same day, [dkt. 1].

Griner originally sued Alliance, Greystone, and Key in this action, but subsequently voluntarily dismissed Alliance from the lawsuit, [dkt. 17], and reached a settlement with Greystone, [dkt. 53]. Key is the only remaining defendant, and Griner alleges claims against it for: (1) breach of contract and anticipatory repudiation of requirements contract, [dkt. 8 at 6-7, ¶¶ 35-41]; and (2) violation of two Michigan statutes, MCL §§ 440.1203 and 440.2309, and of the obligation to give reasonable notice prior to termination, [*id.* at 7, ¶¶ 42-47].

## II.
### DISCUSSION

Key asks the Court to dismiss Griner's Amended Complaint based on a forum-selection clause that it argues was incorporated into the Purchase Orders and requires that the lawsuit be brought where Key has its principal place of business, which is Michigan. [Dkt. 24 at 9-11.] Griner argues that the forum-selection clause was not incorporated into the Purchase Orders because the internet address provided in the Purchase Orders is not currently an active link and

- 3 -

that, even if it was incorporated, it only applies to alternative dispute resolution. [Dkt. 34 at 7-10.] Griner also argues that, if the Court finds that the forum-selection clause applies, it should then apply the factors set forth in 28 U.S.C. § 1404(a) and transfer this case to the Eastern District of Michigan instead of dismissing it. [*Id.* at 10-13.]

### A. Applicable Law

At the outset, the Court must determine what law to apply to the validity of the forum-selection clause. The Seventh Circuit Court of Appeals has instructed that "the validity of a forum-selection clause depends on the law of the jurisdiction whose rules will govern the rest of the dispute." *IFC Credit Corp. v. United Bus. & Indus. Fed. Credit Union*, 512 F.3d 989, 991 (7th Cir. 2008) (*citing Abbott Labs. v. Takeda Pharm. Co.*, 476 F.3d 421, 423 (7th Cir. 2007)). Therefore, the Court must determine what law will apply to this action in order to determine the validity of the forum-selection clause. *Abbott Labs*, 476 F.3d at 423.

The public policy of Michigan "'favors the enforcement of contractual forum-selection clauses...,'" and "[e]nforcement of contractual forum-selection clauses is premised on the parties' freedom to contract…." *Hansen Family Trust v. FGH Indus., LLC*, 279 Mich. App. 468, 476 (2008) (*quoting Turcheck v. Amerifund Fin., Inc.*, 272 Mich. App. 341, 345 (2006)). "A party seeking to avoid a contractual forum-selection clause bears a heavy burden of showing that the clause should not be enforced," and the clause will be enforced "unless one of the statutory exceptions applies." *Turcheck*, 272 Mich. App. at 348.

The Court finds that the Terms and Conditions, and specifically including the clause titled "GOVERNMENT COMPLIANCE AND APPLICABLE LAW," were incorporated into the Purchase Orders. While the web address for the Terms and Conditions is no longer an active link, Griner does not argue that it did not have access to the Terms and Conditions when it en-

tered into the Purchase Orders, nor that the Terms and Conditions were different from those provided by Key with its Motion to Dismiss, [*see* dkt. 24-3]. Accordingly, the Court finds that the law of the location of Key's principal place of business – undisputedly, Michigan – governs this lawsuit. *See id.* at 5 ("This Purchase Order shall be construed in accordance with and be governed by the law of Buyer's principal place of business…"). Further, Griner has sued Key under two Michigan statutes, [*see* dkt. 8 at 7, ¶¶ 42-47], apparently assuming itself that Michigan law will apply to the substance of this dispute.[2]

Where the parties have agreed that the action must be brought in Michigan, MCL 600.745(2) sets forth statutory exceptions to application of the forum-selection clause. *Id.* It provides that a Michigan court shall entertain the action where the parties agreed in writing that an action may be brought in Michigan and the agreement provides the only basis for the exercise of jurisdiction if: "(a) [t]he court has power under the law of this state to entertain the action[;] (b) [t]his state is a reasonably convenient place for the trial of the action[;] (c) [t]he agreement as to the place of the action is not obtained by misrepresentation, duress, the abuse of economic power, or other unconscionable means[;] [and] (d) [t]he defendant is served with process as provided by court rules."

MCL 600.745(2) is generally invoked by a defendant where the plaintiff has sued in Michigan pursuant to a forum-selection clause and the defendant claims the Michigan court does not have jurisdiction over the defendant or that one of the statutory requirements for application of the forum-selection clause is not present. *See, e.g., New World Sys. Corp. v. Jones*, 2009 U.S. Dist. LEXIS 31522, *25 (E.D. Mich. 2009). Here, while the forum-selection clause provides for

---

[2] Under Michigan law, a contract can incorporate other documents by reference. *Forge v. Smith*, 458 Mich. 198, 207 (Mich. 1998) ("Where one writing references another instrument for additional contract terms, the two writings should be read together").

Michigan as the proper forum, Griner has sued in Indiana. Additionally, Key has not argued – and it is not the case – that a federal court sitting in Michigan would not have jurisdiction over it absent the forum-selection clause, which is a prerequisite for the exceptions in MCL 400.745(2) to apply. *See* MCL 400.745(2) ("If the parties agreed in writing that an action on a controversy may be brought in this state and the agreement provides the only basis for the exercise of jurisdiction, a court of this state shall entertain the action if all the following occur…"). Accordingly, MCL 400.745(2)'s exceptions would not apply in this context. The Court will analyze the forum-selection clause in light of Michigan's policy of enforcing forum-selection clauses absent a showing that they should not be enforced.

### B. Enforceability and Applicability of Forum-Selection Clause

Griner argues that the forum-selection clause is not applicable because the Terms and Conditions are no longer viewable at the web address provided in the Purchase Orders and, even if the Terms and Conditions are incorporated into the Purchase Orders, the forum-selection clause only applies to alternative dispute resolution and not to this lawsuit. [Dkt. 34 at 7-10.] The Court has already concluded that the provision titled "GOVERNMENT COMPLIANCE AND APPLICABLE LAW," which contains both the choice of law and forum-selection clauses, was part of the Purchase Orders since Griner has not argued it was not properly incorporated through the Terms and Conditions at the time the parties entered into the Purchase Orders. Accordingly, the Court rejects Griner's first argument that the forum-selection provision was not incorporated into the Purchase Orders.

Additionally, the Court rejects Griner's argument that the forum-selection provision applies only to alternative dispute resolution. Under Michigan law, "an unambiguous agreement must be construed according to its plain meaning." *Bomarko, Inc. v. Rapistan Corp.*, 207 Mich.

App. 649, 671 (1994) (*citing Friske v. Jasinski Builder's, Inc.*, 156 Mich. App. 468, 472-73 (1986)).  The forum-selection clause provides that "any dispute resolution arising from the Purchase Order shall be brought only in [the jurisdiction of the Buyer's principal place of business.]"  [Dkt. 24-3 at 5.]  Griner seeks to add the word "alternative" before "dispute resolution" in the provision, but there is no basis for doing so.  Indeed, if a lawsuit were not considered a type of "dispute resolution," then there would be no reason to add the word "alternative" in front of "dispute resolution" to describe other means of resolving disputes such as mediations or arbitrations.  The Court finds that Griner's lawsuit constitutes a "dispute resolution arising from the Purchase Order" such that it falls within the parameters of the forum-selection clause.

### C.  Applying the Forum-Selection Clause

Having determined that the forum-selection clause is enforceable and applicable, the Court must determine what effect it has on Griner's action in this District.  The forum-selection clause provides that "any dispute resolution arising from the Purchase Order *shall be brought only* in [the jurisdiction of the Buyer's principal place of business]."  [*Id.* at 5 (emphasis added).]  This clause is clearly mandatory, as opposed to permissive, because it uses the words "shall" and "only" and does not contain any exceptions.  *See, e.g., Kuhlman v. Tdp Capital Access*, 2010 Mich. App. LEXIS 1361, *8 (2010) (use of the words "will" or "shall" render forum-selection clauses mandatory, not permissive).  Mandatory forum-selection clauses are generally enforced, and Griner has made no further arguments why this one should be an exception.

### D.  Dismissal Versus Transfer

The Court has concluded that the forum-selection clause incorporated into the Purchase Orders between Griner and Key is enforceable, applicable to this action, and mandatory in these circumstances.  Key's motion only contemplates dismissal of this case if the forum-selection

clause applies. Griner argues in its response, however, that if the Court finds the forum-selection clause and Fed. R. Civ. P. 12(b)(3) applicable, the case should be transferred instead of dismissed. [Dkt. 34 at 12-13.] It asserts that the Court should consider the factors set forth in 28 U.S.C. § 1404(a), but notes that "[a]lthough 'Indiana has an interest in protecting its corporations from harm at the hands of foreign corporations,' Griner acknowledges that it would face an exceedingly high burden to avoid transfer if this Court should find the forum-selection clause applicable." [*Id.* at 12.]

Key replies that dismissal, rather than transfer, is proper "where a sophisticated party ignores a clear and unambiguous forum selection clause," and "because of Griner's obvious forum shopping." [Dkt. 37 at 4.] Key does not address the factors set forth in § 1404(a).

Enforcing a forum-selection clause typically implicates 28 U.S.C. § 1404(a).[3] *See Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 30 (1988) (holding that the choice of law analysis "persuades us that federal law, specifically 28 U.S.C. § 1404(a), governs the parties' venue dispute" in a case involving a forum-selection clause); *In re LimitNone, LLC*, 551 F.3d 572, 575-76 (7th Cir. 2008) (holding that district court's transfer determination based on a forum-selection clause was made under 28 U.S.C. § 1404(a)); *King v. PA Consulting Group, Inc.*, 78 Fed. Appx. 645, 649-50 (10th Cir. 2003). Because Griner has expressed its preference that this case be transferred rather than dismissed, and has essentially conceded that consideration of the § 1404(a) factors would lead to the conclusion that this matter should be transferred to Michigan, the Court will transfer this case to the Eastern District of Michigan under § 1404(a).

---

[3] Griner argues that 28 U.S.C. § 1406(a) provides the Court with authority to transfer this action to the Eastern District of Michigan. [Dkt. 34 at 12.] Section 1406(a) only applies, however, where the forum in which the action was originally filed was an improper venue. *In re LimitNone, LLC*, 551 F.3d 572, 575-76 (7th Cir. 2008). That is not the case here, where this district is a proper venue, just not the correct one in light of the forum-selection clause.

### III.
#### CONCLUSION

For the foregoing reasons, the Court **GRANTS IN PART** Key's Motion to Dismiss for Improper Venue, [dkt. 24], to the extent it seeks enforcement of the forum-selection clause, but **DENIES IN PART** the motion to the extent it seeks immediate dismissal of this action. Because the forum-selection clause only applies to the dispute between Griner and Key, and not to the dispute between Griner and Greystone, the Clerk is directed to **TRANSFER** this action to the Eastern District of Michigan only **AFTER** Griner and Greystone have filed a stipulation of dismissal pursuant to the Court's April 23, 2013 Order, [dkt. 53], and Greystone has been terminated as a defendant. In the meantime, any previously ordered dates and deadlines, except for the deadline set forth in the April 23, 2013 Order for filing a stipulation of dismissal as to claims against Greystone, are **VACATED** and any pending motions not addressed above are **TERMINATED**.

05/16/2013

_____
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only**:

John E. Benko
MCDONALD HOPKINS PLC
jbenko@mcdonaldhopkins.com

Don William Blevins
MCALPINE & ASSOCIATES PC
dwblevins@mcalpinelawfirm.com

Joseph Neal Bowling
LEWIS WAGNER LLP
nbowling@lewiswagner.com

Timothy J. Lowe
MCDONALD HOPKINS PLC
tlowe@mcdonaldhopkins.com

John Carl Trimble
LEWIS WAGNER LLP
jtrimble@lewiswagner.com

David M. Zack
MCALPINE & ASSOCIATES PC
dmzack@mcalpinelawfirm.com